UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RYAN O. GITTENS,

                Petitioner,

     – against–

ERIC HOLDER, U.S. Attorney General;
USCIS DIRECTOR; JANET NAPOLITANO,
Department of Homeland Security,

                Respondents.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-2363 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 06 2013 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge:

      On September 5, 2012, this Court issued an order to show cause directing the United States Attorney, as attorney for respondents, to show cause within 20 days of receipt of the Order why a writ of habeas corpus pursuant to 28 U.S.C. § 2241 should not issue. (D.E. #15.) By letter dated November 8, 2012, respondents argued that Gittens's petition for a writ of habeas corpus should be denied for lack of jurisdiction, or, in the alternative, transferred to the District where Gittens is currently detained pursuant to 28 U.S.C. § 1631. (D.E. #22.) On November 26, 2012, Gittens filed a response to respondents' submission arguing, *inter alia*, that venue in this District is appropriate. (D.E. #24.) In a supplemental submission filed March 4, 2013, respondents informed the Court that Gittens has also filed a petition for habeas corpus in the United States District Court for the Middle District of Georgia and that Gittens has received a final order of removal from the Board of Immigration Appeals ("BIA"). (D.E. #25.) For the reasons set forth below, this action is transferred to the Middle District of Georgia.

1

## BACKGROUND

Gittens, a native and citizen of Barbados, was admitted to the United States as a permanent resident in January 1984. (Am. Pet., D.E. # 10, at 1). On February 9, 2007, Gittens was convicted in the United States District Court for the District of Idaho of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(A) and § 846. (*United States v. Gittens*, 08-cv-341 (BLW) (D. Idaho) D.E. # 472.) On August 17, 2007, Gittens was sentenced to a period of imprisonment of 63 months. (*Id.* D.E. # 514.)

On January 30, 2012, an Immigration Judge ("IJ") ordered Gittens's removal. (Supp. Pet., D.E. # 6, at 2.) However, by order dated April 5, 2012, the BIA determined that the record failed to "include a complete transcribed separate Immigration Judge decision." (Resp. Letter, D.E. # 22, App'x A.) The BIA remanded the case to the IJ to prepare a full decision, which the IJ did in a formal order removing Gittens to Barbados on September 4, 2012. (*Id.* App'x B.) On February 8, 2013, the BIA affirmed the IJ order without opinion, thus rendering the IJ's order of removal final. (Resp. Supp. Letter, App'x B.) Gittens is currently detained at Stewart Detention Center in Lumpkin, Georgia pending removal. This facility is located in the Middle District of Georgia. (Resp. Letter, D.E. # 22 at 2.)

B. *Prior § 2241*

Gittens previously brought an action petitioning this Court pursuant to 28 U.S.C. § 2241 seeking (1) an order directing the United States Attorney General to lift an immigration detainer lodged against him; (2) an order declaring him a United States national; and (3) an order compelling the Attorney General to adjudicate a previously filed N-400 application on the merits *nunc pro tunc*. (*See* 10-cv-849.) In an order dated July 27, 2011 (the "July 27 Order"), this Court denied Gittens's requests for relief. (10-cv-849, D.E. # 13.) The Court held that it lacked

jurisdiction to grant relief under § 2241 because the immigration detainer did not render Gittens in "custody" as defined under that statute. (*Id.* at 4-5.) The Court declined to issue a judgment declaring Gittens a United States National on grounds that judicial review of removal orders by the courts of appeals pursuant to 8 U.S.C. § 1252(b)(5) is the exclusive avenue for review of such nationality claims, and Gittens had not received a final order of removal. *Id.* at 5-6. In affirming the July 27 Order, the Second Circuit instructed Gittens that "[t]o the extent [he] seeks a declaration that he is a U.S. National or a *nunc pro tunc* adjudication of his naturalization application, he must do so in accordance with 8 U.S.C. § 1252(b)(5)." (Appeals Docket # 11-4325-cv, D.E. # 36.)

C. *Instant Action*

Gittens commenced the instant *pro se* action on May 7, 2012, again seeking *nunc pro tunc* adjudication of his naturalization application pursuant to 8 U.S.C. § 1252(b)(5). Gittens alleges that in 1997, he filed an N-400 application for citizenship with the New York City district office of the then-Immigration and Naturalization Service ("INS"). Gittens subsequently moved from Brooklyn to Las Vegas. According to Gittens, in November 1999, INS mistakenly sent notice of his application interview to an incorrect Las Vegas address, with the result that he missed the interview. (Pet., D.E. #1 at 3-4; Am. Pet., D.E. # 6, at 2.) Gittens claims that INS closed his application in January 2000 without notifying him. (Pet. at 4, 5; Am. Pet. at 2, 5, 7.)

By order dated July 31, 2012, the Court held that it lacked jurisdiction to adjudicate Gittens's naturalization claim and reiterated that judicial review of final orders of removal pursuant to 8 U.S.C. § 1252(b)(5) is the exclusive means of review for Gittens's nationality claim. (July 31, 2012 Order, D.E. # 9 at 2.) As it was then unclear to the Court whether Gittens had in fact received a final order of removal, the Court ordered Gittens to indicate the status of

his removal proceedings. In subsequent submissions, Gittens clarified that no final order of removal had yet been issued and that, in addition to seeking adjudication of his naturalization application, he intends to challenge the legality of his immigration confinement pursuant to 28 U.S.C. § 2241. (D.E. # 10 at 1; D.E. # 13 at 1-3, D.E. # 14 at 3.)

According to Gittens, at the time he filed his § 2241 submissions, he had been subject to mandatory detention pursuant to Immigration and Nationality Act § 236(c) since July 2011.[1] (D.E. # 10 at 1.) Gittens contends that the length of this confinement and the absence of an individualized determination as to his dangerousness and flight risk prior to receiving a final order of removal violated due process. (D.E. # 10 at 1, 3-5). Gittens also claims that his retinas require replacement and that he might "slowly go blind in custody." (D.E. # 24 at 6.) By order dated September 5, 2012, the Court advised Gittens that it continues to lack jurisdiction to issue a *nunc pro tunc* adjudication of his nationality claim and directed respondent to show cause why the writ should not be issued. (Sept. 2012 Order, D.E. # 15.)[2]

## DISCUSSION

Respondents argue that this Court lacks jurisdiction to hear Gittens's § 2241 petition because Gittens is currently detained at a facility located in the Middle District of Georgia. (Def. Resp., D.E. # 22 at 1.) In response, Gittens argues that this Court has jurisdiction to hear his habeas petition because, he claims, "the Attorney General is a proper custodian of a habeas petitioner detained in an immigration and naturalization service facility." (Reply, D.E. # 24, at 2-3.) Gittens further contends that venue in this District is proper because he initially submitted his

---

[1] As a final order of removal has now been issued, Gittens remains detained pending removal pursuant to Immigration and Nationality Act § 241.

[2] Although Gittens's request for release pending the outcome of his removal proceedings has been mooted by the BIA's final order of removal, (D.E. # 24 at 6-7), his petition is not moot to the extent he challenges the current conditions of his confinement.

4

N-400 naturalization application in New York, because "records and witnesses pertinent to the claim" are in New York, because he prefers to proceed in this District, and because, he claims, the Court has greater familiarity with the applicable laws. Gittens's arguments are unavailing.

## I. Jurisdiction

Respondents argue that this Court lacks jurisdiction to hear Gittens's § 2241 challenge because he is detained in another district. This issue, however, is not so clear-cut as respondents aver. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 n. 8 (2004) (expressly declining to resolve "the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation."); *Henderson v. I.N.S.*, 157 F.3d 106, 124-26 (2d Cir. 1998) (noting that the "unique role that the Attorney General plays in immigration matters may be taken to suggest that she may be a proper respondent in alien habeas cases," but declining to decide this "highly complex issue"). In any event, the Court need not decide the question in the instant case because it finds that even if this Court had jurisdiction, venue is nonetheless appropriate in the Middle District of Georgia.

## II. Venue

"Traditional principles of venue" govern alien habeas cases. *Henderson*, 157 F.3d at 127-28. Factors to consider in determining the proper venue for a habeas suit include "(1) where all of the material events took place; (2) where the records and witnesses pertinent to petitioner's claim are likely to be found," and (3) the convenience of the forum for both the respondent and the petitioner." *Id.* at 128 n. 25 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1973) (internal quotation marks omitted)); *see also* 28 U.S.C. § 1391.

Gittens's venue arguments relate primarily to his nationality claim as opposed to his habeas petition and are therefore not persuasive. Specifically, the fact that he initially filed his

5

N-400 naturalization application in New York is irrelevant to his § 2241 claim, which challenges only the length and conditions of his current confinement. Similarly, the witnesses and records that Gittens cites in New York—including family and a pre-trial officer that could attest to Gittens's character—are not relevant to Gittens's challenge to his present confinement. In contrast, not only is Gittens currently detained in Lumpkin, Georgia, he is currently litigating the same claims presented to this Court in his habeas petition before the Middle District of Georgia. *Gittens v. Holder*, No. 4:12-cv-173 (M.D. Ga.). Moreover, the United States Immigration Court that issued his September 4, 2012 order of removal is located in Lumpkin, Georgia, as is the Department of Homeland Security Assistant Chief Counsel that appeared on behalf of the government. (Resp. Letter, D.E # 22, App'x B at 1.) Gittens's immigration counsel likewise lists an address in Atlanta, Georgia. (*Id.*) Aside from Gittens's own forum preference, the venue considerations thus do not favor the Eastern District of New York. *See King v. Gonzales*, No. 02-cv-3847 (JG), 2005 WL 2271938, at *3-4 (E.D.N.Y. Aug. 16, 2005) (declining to address the jurisdiction question but transferring the petition based on similar venue considerations). Pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer this action to the Middle District of Georgia.

## CONCLUSION

For the above reasons, the Clerk of Court is directed to transfer this case to the United States District Court for the Middle District of Georgia and close this case.

SO ORDERED.

Dated: March 5, 2013
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge